```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILLIP JOHNSON,
                                              DECISION AND ORDER
                    Petitioner,               No. 09-CV-0160T
     -vs-

JAMES BERBARY, Superintedant

                    Respondent.
_____
```

## I. Introduction

*Pro se* petitioner Phillip Johnson ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered February 22, 2005, in New York State, Supreme Court, Monroe County, convicting him, upon a plea of guilty, of Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law ("Penal Law") § 265.02 [4]). He was sentenced as a second felony offender to a determinate term of six years imprisonment, with five years post-release supervision.

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

Petitioner's conviction stems from a gunfight that occurred on August 23, 2003 in the City of Rochester. Plea Minutes [P.M.] at 14.

Petitioner was indicted and charged with Criminal Possession of a Weapon in the Second Degree (Penal Law § 265.03 [2]) and

Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02 [4]). On May 12, 2004, in full satisfaction of the indictment, Petitioner pleaded guilty to one count of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02 [4]). P.M. at 10. As part of the plea agreement, the trial court promised to sentence Petitioner, as a second felony offender, to four years imprisonment with five years post-release supervision. P.M. at 8, 13. After the Petitioner entered his plea, the trial court gave the following warning:

> "Between now and July 1st, you're going to have contact with the Monroe County Probation Department so I can receive a very detailed report regarding you, which I need at the time of sentence. I'm asking that you keep all your appointments with the Probation Department so that I can receive that report. You are also not to be arrested again for any violation of the law - - And that means any violation - - or if you don't show up for court on the next date, then I am not going to keep the promise that I made to you regarding your sentence, and I can impose a sentence which is authorized by law, including a period of seven years with the New York State Department of Corrections. Do you understand all of that, Mr. Johnson?"

P.M. at 19-20. In response, Petitioner stated that he understood the trial court's enhancement warnings and had no questions. P.M. at 20. Subsequently, Petitioner failed to meet with the Probation Department, as required, for completion of the pre-sentence investigation report, and failed to appear for sentencing on July 1, 2004. Sentence Hearing [S.H.] 4/1/04 at 2-3. A bench warrant was issued, and on February 8, 2005, Petitioner appeared for

2

sentencing following a separate arrest in Erie County.  S.H. 2/22/05 at 3.

Because Petitioner had failed to comply with the plea conditions, the People requested that Petitioner's sentence be enhanced to the statutory maximum of seven years imprisonment. S.H. 4/22/05 at 2-4.  At sentencing, Petitioner's attorney stated the following:

> "I did actually prepare on [Petitioner's] behalf a motion to withdraw his plea.  He asked me actually not to go forward with that today . . . He just wishes the Court to consider his circumstances . . . not to max him out, to consider a lesser enhancement, perhaps a year or two."

S.M. 4/22/05 at 7.  The sentencing court then asked if Petitioner would like to say anything, to which, he responded:  "No.  I just like to apologize to you and to your court for failing to appear as I was supposed to."  S.M. 2/22/05 at 7.  The sentencing court then imposed a determinate term of six years imprisonment with a five year period of post-release supervision.  S.M. 2/22/05 at 8.

On December 6, 2006, Petitioner moved *pro se*, pursuant to Crim. Proc. L. ("C.P.L.") § 440.20, to set aside his sentence. See Resp't App. N.  The motion was denied, and leave to appeal was denied.  See Resp't App. O, R.

On February 1, 2008, Petitioner's conviction was unanimously affirmed by the Appellate Division, Fourth Department.  People v.

3

Johnson, 48 A.D. 3d 1066 (4th Dep't 2008) (Resp't App. D); lv. denied, 10 N.Y.3d 841 (2008) (Resp't App. G).

On or about June 23, 2008, Petitioner filed a *pro se* motion for a writ of *error coram nobis*, which was summarily denied on October 3, 2008. People v. Johnson, 55 A.D.3d 1419 (4th Dep't 2008) (Resp't App. J). Leave to appeal was denied. People v. Johnson, 12 N.Y.3d 759 (2009) (Resp't App. M). No other post-conviction motions have been brought by Petitioner.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) involuntary guilty plea; (2) unlawful enhancement of sentence; and (3) ineffective assistance of appellate counsel. See Pet., Grounds 1, 2 (Docket No. 1).

**III. Applicable Law**

**A. Exhaustion**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995).

Typically, this means that the claims in a writ of habeas corpus must have been included in both the Petitioner's appeal to

4

the state's intermediate appellate court and in an application for permission to appeal to the state's highest court. See id. Moreover, to satisfy the exhaustion requirement, the federal claim must be "fairly presented" to the state courts. Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (en banc), cert. denied, 464 U.S. 1048 (1984). The ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim include (a) reliance on pertinent federal cases employing constitutional analysis (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) an allegation of a pattern of fact that is well within the mainstream of constitutional litigation. Id.

**B.   The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. A state court decision is "contrary to" clearly established federal law "if

5

the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently. Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to

6

suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir.) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**IV. Petitioner's Claims**

**I. Claim One - Involuntary Guilty Plea**

Petitioner argues that his guilty plea was rendered involuntary or was "unlawfully induced" because he was not afforded an opportunity to withdraw his plea before receiving an enhanced sentence. Petitioner also argues that his plea was "unlawfully induced" because neither his appointed counsel nor the sentencing court advised him of this right. See Pet., Ground 1. Petitioner

7

raises this claim, in its present form,[1] for the first time in the habeas corpus petition. To this extent, the claim is unexhausted, but "patently frivolous."[2] The Court therefore dismisses it on the merits.[3] See Resp't App. M.

To be constitutionally valid, a plea must be entered knowingly and voluntarily, with an understanding of its consequences. Parke v. Radley, 506 U.S. 20 (1992). A "'plea of guilty entered by one fully aware of the direct consequences' of the plea is voluntary in a constitutional sense 'unless induced by threats, misrepresentations, or perhaps by promises that are by their nature improper.'" Bousley v. United States, 523 U.S. at 619 (ellipses omitted) (quoting Brady v. United States, 397 U.S. at 744).

---

[1] Petitioner raised various permutations of this claim in state court. In his C.P.L. § 440.20 motion, he argued that the trial court did not advise Petitioner of his right to withdraw his guilty plea. In his coram nobis application, he argued that appellate counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim based on a failure to apprise him of his right to withdraw his guilty plea. Now for the first time in the habeas petition, he frames this issue as an involuntary guilty plea claim.

[2] The Second Circuit has not yet established a standard for denying unexhausted claims under 28 U.S.C. § 2254(b)(2), but all four districts in New York have applied the "patently frivolous" test for dismissing such claims. See, e.g., Love v. Kuhlman, No. 99 Civ. 11063, 2001 U.S. Dist. LEXIS 22572 (S.D.N.Y. Dec. 12, 2001); Cruz v. Artuz, No. 97 Civ. 2508, 2002 U.S. Dist. LEXIS 11150 (E.D.N.Y. June 24, 2002); Toland v. Walsh, No. 02 Civ. 0399, 2008 U.S. Dist. LEXIS 24616 (N.D.N.Y. Mar. 26, 2008); Hammock v. Walker, 224 F. Supp. 2d 544 (W.D.N.Y. 2002). A minority of courts in this Circuit have denied such petitions when they do not raise even a colorable federal claim. See Hernandez v. Lord, No. 00 Civ. 2306, 2000 U.S. Dist. LEXIS 10228 (S.D.N.Y. July 21, 2000) (discussing cases applying this standard) (internal quotation marks omitted). Under either of these standards, Petitioner's claims are meritless.

[3] See 28 U.S.C. § 2254(b)(1)(A)

During the plea colloquy, Petitioner admitted to each element of Possession of a Weapon in the Third Degree. P.M. 16. The record reflects that Petitioner discussed his plea of guilty with his attorney; that he intended to enter the plea with the advice and consent of his attorney; that he acknowledged the rights he was waiving as a result of the plea; that no one was forcing him to plead guilty and that he was doing so freely and of his own volition; that he possessed the knowledge and mental capacity to understand the nature and consequences of the plea; that his physical and/or mental capabilities were not impaired; and that he understood the terms of his sentencing. P.M. at 8-21.

The trial judge explicitly stated to Petitioner that he must keep his appointments with the Probation Department, appear for sentencing and avoid being arrested for any offense. P.M. 2/22/05 20-21. The trial judge warned that if Petitioner failed to comply with these requirements the court would not honor the sentencing agreement. P.M. at 20.

Petitioner indicated to the court that he understood the plea conditions. Nothing in the record suggests that Petitioner entertained any reservations about entering the guilty plea. Rather, the record reflects that a thorough plea proceeding was held, at which the trial court explained the rights Petitioner was forfeiting by pleading guilty, stopping repeatedly to confirm Petitioner's understanding of the terms of the plea offer and

9

providing an opportunity for Petitioner to voice questions and concerns. P.M. at 9-20.

The record also reflects that Petitioner's attorney prepared a motion to withdraw Petitioner's plea but, after discussing Petitioner's pending charges in Erie County, and the enhancement of his sentence, the attorney was directed by Petitioner not to file that motion. S.M. 3/22/05 at 7. In open court, in the presence of Petitioner, Petitioner's attorney stated:

> "I did actually prepare on [Petitioner's] behalf a motion to withdraw his plea. He asked me actually not to go forward with that today. He understands that he does have consequences to pay. He just wishes the Court to consider his circumstances, his fears, his apprehensions, not to max him out, to consider a lesser enhancement, perhaps a year or two would be my request."

S.M. 3/22/05 at 7. The sentencing court asked Petitioner if he would like to make an additional statement to which he replied, "[n]o," but apologized to the court for "failing to appear as [he] was supposed to." S.M. at 20.

The plea colloquy, as summarized above, demonstrates that Petitioner understood both the conditions and consequences of his guilty plea. The record plainly contradicts his contention that the plea was involuntary or "unlawfully induced" because he did not understand or agree that, as part of the plea agreement, he was required to return to court voluntarily and not be rearrested pending sentence. At the time Petitioner entered his plea,

10

Judge Affronti asked Petitioner whether he understood that the plea agreement was conditioned on his appearance at sentencing and not being rearrested, to which respondent replied "Yes." P.M. at 20. Petitioner's contention that his plea was unlawfully induced is unsupported by the record, and cannot serve as a basis for habeas relief.

Petitioner's involuntary guilty plea claim is therefore dismissed.

**II.  Claim Two - Unlawful Enhancement of Sentence**

Petitioner's second claim, that his sentence was unlawfully enhanced, is also without merit. Petitioner claims the sentencing court "broke" the plea agreement and "unlawfully enhanced" his sentence to a term of six years imprisonment. See Pet., Ground 2. Petitioner raised this claim in his C.P.L. § 440.20 motion and it was rejected on the merits. See Resp't App. O.

As discussed at Section "IV, I" above, Petitioner knowingly entered a plea of guilty. The conditions of the plea agreement were set forth on the record, and Petitioner explicitly stated that he understood the terms of said agreement, including the terms of sentencing. As such, his claim that his sentence was "unlawfully enhanced" is without merit.

A defendant who fails to perform obligations under a plea agreement can lose the benefit of the bargain. United States v. Merritt, 988 F.2d 1298 (2nd Cir. 1993) cert denied, 508 U.S. 961

11

(1993). The sentence imposed pursuant to a plea agreement "must follow the reasonable understandings and expectations of a defendant, with respect for a bargained-for sentence." Paradiso v. United States, 689 F.2d 28, 31 (2d Cir.) (1982) (*per curiam*), cert denied, 459 U.S. 1116 (1983). The dispositive question being "what the parties to this plea agreement reasonably understood to be the terms of the agreement." Id. (quoting United States v. Arnett, 628 F.2d 1162 (9th Cir.) (1979)).

Here, the conditions of the plea, including the possibility of an enhanced sentence, were clearly set forth on the record and conveyed to Petitioner at the time he entered his guilty plea. The record reflects that Petitioner was required to report to probation, appear in court for sentencing, and avoid rearrest pending sentencing. P.M. at 20. Notably, the sentencing judge warned Petitioner that he "would not honor the [sentencing] promise" and could impose the statutory maximum of seven years imprisonment if Petitioner violated the conditions. P.M. at 20. When asked if Petitioner understood the terms and consequences of the plea agreement, Petitioner answered in the affirmative. Nonetheless, Petitioner violated all of the plea conditions. S.M. 2/5/05 at 2-3. Petitioner has not offered any alternative "reasonable understanding or expectation" of the plea conditions. Paradiso, 689 F.2d 28, 31. Neither has Petitioner demonstrated any

other entitlement to the original promised sentence or that the enhanced sentence violates his constitutional rights.

Accordingly, the Court cannot find that the state court's adjudication of this claim was contrary to, or involved an unreasonable application of, clearly established Federal law. Petitioner's claim that his sentence was unlawfully enhanced is therefore dismissed.

**III. Claim Three - Ineffective Assistance of Appellate Counsel**

Petitioner contends that his appellate counsel was ineffective due to a conflict of interest. Petitioner further argues that his appellate counsel was ineffective for failing to challenge the trial court's refusal to honor the original sentencing agreement. See Pet., Ground 2. As discussed below, the former portion of Petitioner's claim is unexhausted, but meritless, and the latter portion is exhausted, and also meritless.

**A. Conflict in Representation**

Petitioner, for the first time in his habeas petition, contends that his appellate counsel was ineffective based on a conflict of interest. See Pet., Grounds 2. In particular, he alleges that his appellate counsel, assigned by the Monroe County Public Defender's Office, had a conflict of interest due to Petitioner's ongoing civil suit against Monroe County. To the extent that Petitioner has not properly exhausted the claim in state court, it is unexhausted for purposes of federal habeas

13

review.  Nonetheless, the claim is "patently frivolous" and the Court therefore dismisses it on the merits.

Petitioner's claim fails to the extent that it is vague, based on conjecture, and is conclusory in nature.  Petitioner does not explain how or elaborate in what way his assigned appellate counsel's affiliation with the Monroe County Public Defender's Office created a conflict of interest with respect to his representation of Petitioner on direct appeal.  There is nothing in the record before this court, nor has Petitioner pointed to anything outside the record that suggests that a conflict of interest - - either actual or potential - - existed.

As such, Petitioner's claim provides no basis for habeas relief.  Petitioner's claim that he received ineffective assistance of appellate counsel due to a conflict of interest is therefore dismissed.

**B.   Failure to Challenge the Voluntariness of the Guilty Plea and the Trial Court's Enhancement of Sentence.**

Petitioner also argues that his appellate counsel was ineffective for failing to challenge: (1) the voluntariness of the guilty plea; and (2) the trial court's refusal to honor the original sentence agreement.  <u>See</u> Pet., Ground 2.  The former portion of Petitioner's claim is unexhausted to the extent that the claim is raised for the first time in the habeas petition. Petitioner's latter claim, that his appellate counsel failed to challenge the trial court's enhancement of his sentence, was raised

14

in his writ of error *coram nobis,* which was denied on the merits. People v. Johnson, 55 A.D.3d 1419 (4th Dep't. 2008); see Sellan v. Kuhlman, 261 F.3d 303 (2nd Cir. 2001) (holding that a summary denial constitutes an adjudication on the merits). As discussed below, these claims are meritless.

When claiming ineffective assistance of counsel, at the trial or appellate level, Petitioner must show that the representation was fundamentally defective, and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984) see also, Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994), cert. denied, 513 U.S. 820 (1994). Appellate counsel is not required to raise all colorable claims on appeal and may winnow out weaker arguments and focus on one or two key claims that present "the most promising issues for review." See Jones v. Barnes, 463 U.S. 745, 751-53 (1983). Appellate counsel's "[f]ailure to make a meritless argument does not amount to ineffective assistance of counsel." United States v. Arena, 180 F.3d 380, 396 (2nd Cir. 1999) cert. denied, 531 U.S. 811 (2000). The strong presumption is that counsel has "rendered adequate assistance and [to have] made all significant decisions in the exercise of reasonable professional judgement." Strickland, 466 U.S. at 689-90.

At the outset, the Court notes that appellate counsel did submit a persuasive, well-researched brief on direct appeal in

15

which he argued "harshness and excessiveness" of Petitioner's sentence. See Resp't App. A.

Petitioner faults counsel, however, for failing to challenge the voluntariness of his guilty plea and the trial court's enhancement of his sentence. As discussed at Sections "IV, I and II" above, Petitioner knowingly entered a plea of guilty and was lawfully sentenced in accordance with the terms thereof. To this extent, appellate counsel cannot be faulted for failing to challenge the voluntariness of the guilty plea and the trial court's enhancement of his sentence on direct appeal. See Arena, 180 F.3d at 396. Petitioner is therefore unable to show that there is a reasonable probability that the outcome of his appeal would have been different had counsel raised these meritless issues.

Petitioner's claim that he received ineffective assistance of appellate counsel based on counsel's failure to challenge the guilty plea is meritless and is therefore dismissed.

Moreover, this Court cannot find that the state court's adjudication of Petitioner's claim that his sentence was "unlawfully enhanced" was contrary to, or an unreasonable application of, clearly established Federal law. Petitioner's claim of ineffective assistance of appellate counsel for failure to challenge the trial court's enhancement of his sentence is therefore dismissed.

**IV. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No.1) is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253 (c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgement would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. Unites States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of judgement in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**

**S/Michael A. Telesca**
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: January 26, 2011
        Rochester, New York